OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Although the police did not have probable cause to compel defendant to accompany them to the police station or to detain him once he arrived there, we cannot say that the search of defendant’s automobile at the police station was improper. The trial court found that the police possessed sufficient ground to detain and question the passenger who had been riding in the backseat of defendant’s car, and we perceive no reason to disturb this affirmed finding. The passenger’s admission to the police that he had left an attaché case containing additional forged prescriptions on *921 the rear seat of the car furnished the predicate for the police to return to the car and search it in order to retrieve the case. The authority of the police to search the car, however, did not come to an end when they located and seized the case, since the passenger’s admission formed reasonable ground to believe that he had secreted additional, undisclosed evidence or contraband somewhere in the car.
Nor is the propriety of the warrantless search undermined because the police waited until they returned to the police station before conducting a full-scale search rather than conducting such a search at the scene of the arrest. The authority of the police to search an automobile usually arises when there is probable cause to believe that it contains weapons, contraband or evidence, and there is ordinarily no requirement that the police delay their search until they obtain a warrant, even where the vehicle has been reduced to their control (Chambers v Maroney, 399 US 42; see United States v Chadwick, 433 US 1, 12; cf. Coolidge v New Hampshire, 403 US 443; see, generally, Ringel, Searches & Seizures, Arrests and Confessions, § 11.1). Inasmuch as the search of defendant’s vehicle was not improper, there was no legitimate basis for suppressing the gun found during the search.
Finally, we note that the People have not appealed from that portion of the Appellate Division order which affirmed the decision of the trial court to suppress admissions made by defendant and the evidence obtained directly from defendant while he was being detained at the police station. Accordingly, we have no occasion to consider whether that evidence was properly suppressed. .
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.