■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RICE, Appellant. — Judgment, Supreme Court, Bronx County, rendered April 10, 1980 convicting defendant, on jury verdict, of robbery in the first degree (Penal Law, § 160.15), and sentencing him thereon as a second felony offender to 7½ to 15 years imprisonment, is affirmed. In the opinion of the majority of this court, there is no "reasonable view of the evidence which would support a finding that the defendant committed" robbery in the third degree and did not commit robbery in the first degree (CPL 300.50, subd 1). The two prosecution witnesses who were at the scene of the robbery both testified to seeing the robber holding a gun in his hand. The victim said, "I had my eyes on the gun." The other witness testified that the robber had in

---

his hand a gun and a bag and that the robber said, "Don't do nothing. I don't want to shoot nobody." The arresting officer, called by the defense, testified that he was approached by two men who told him of the robbery and said that the robber was armed with a gun. Nobody testified that the robber did not have a gun. The fact that no gun was found on the defendant when he was apprehended several blocks from the scene after a chase through, among other places, a vacant lot and after some other minor intervening events, is not sufficient to constitute a rational identifiable reason to reject the portions of the prosecution witnesses' testimony that defendant "Displays what appears to be a pistol" (Penal Law, § 160.15, subd 4), and yet accept the portions that there was a robbery *(People v Scarborough,* 49 NY2d 364, 369-370; see, also, *Peopple v Salters,* 75 AD2d 901). We have considered the other errors claimed and do not believe they warrant reversal or modification. Concur — Ross, J. P., Lupiano and Silverman, JJ.

Carro and Bloom, JJ., dissent in a memorandum by Bloom, J., as follows: This case poses the not unusual issue of when the charge of a lesser included count is appropriate. It is the circumstances presented by the evidence, however, which impart a somewhat unusual twist to it. As the majority memorandum indicates, both prosecution witnesses were certain that when the robbery was committed defendant employed a gun. Even when the complainant asserted that he could not see the gun because "I was so scared I wouldn't even look at any place" he insisted that defendant possessed a gun. Nevertheless, and despite this testimony, the witness Svitzer testified that he followed defendant from the moment he left the building to the time of his apprehension, losing sight of him only for a very brief period when he traveled through a vacant lot. There is no indication in the record that he ever saw defendant discard a gun. When defendant was apprehended he did not possess a gun. Police back-up teams, which were called, searched the area, including the vacant lot, without finding any weapon. Defendant requested that the court charge down to robbery in the third degree and to petit larceny. The court refused so to do. That the jury was troubled was evidenced by the fact that they twice declared themselves hopelessly deadlocked. Thereafter, they sent a note to the court which read as follows: "We the jury would like to know whether or not the defendant could possibly be found guilty of Count One without the use of a gun. Another way of putting it is whether or not the defendant could be found guilty to a lesser degree". The court instructed the jury that it could not do so. In a fourth note to the court they again indicated that the contention that defendant had used a weapon was the reason for their problem. In that note they asked the court: "Does First Degree Robbery constitute the taking of another's possessions with anything other than a gun?" To this the court responded by indicating that to constitute the crime of robbery in the first degree in the context of the evidence presented, they must find that the defendant used a gun. This question was followed by another in which the jury asked: "If the Jury finds the defendant guilty of robbery in the First Degree what happens to the charge of Criminal Possession of a Weapon?" Some jurors feel that Robbery was committed with what appears to be a gun but cannot vote thinking a guilty verdict on Count One automatically means the defendant is guilty of Count Two". The court skillfully sidestepped this possibility of repugnant verdicts by instructing the jury that they were not to consider the second count in the event that they reached a guilty verdict on the first count. CPL 1.20 (subd 37) defines a lesser included offense as a crime which cannot be committed "without concomitantly committing, by the same conduct, another offense of lesser grade or degree".

CPL 300.50 (subd 1) authorizes a court to submit "in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater". Subdivision 2 requires such submission when it is authorized "and is requested by either party to do so". Here, the failure to find a gun in defendant's possession coupled with the failure to uncover one during the police search, lends some measure of credence to the contention that no weapon was used in the robbery. Emphasis is lent to this conclusion by the notes sent to the court by the jury indicating that some among their number believed that the crime had been committed without a weapon or with what appeared to be a weapon. Accordingly, we are of the opinion that defendant, having requested a charge of robbery in the third degree, was entitled thereto. We would, therefore, reverse and remand for a new trial.