■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS STRIK, Respondent. — Appeal by the People from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated November 27, 1981, as granted that branch of defendant's motion which sought suppression of tangible property, to wit, a package wrapped in brown paper. Order reversed, insofar as appealed from, on the law and the facts, that branch of defendant's motion which sought suppression of the tangible property is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings. While patrolling in an unmarked police vehicle in Yonkers two experienced narcotics detectives, Josh Landers and Frances De Blassis, and a fellow officer from the Narcotics Division of the Yonkers Police Department observed defendant driving a white Chevrolet, which also contained another male passenger. Cognizant of defendant's reputation as a drug user and possible dealer, the team from the narcotics division followed the Chevrolet to West 143rd Street in Harlem. While the passenger remained in the vehicle, the defendant exited the Chevrolet and entered a playground known to the detectives as an area where drugs are actively traded. While the other members of the narcotics division team kept the Chevrolet under surveillance, Detective Landers followed defendant on foot and observed him exchange money for a bundle of glassine envelopes with two black males. The defendant deposited the glassine envelopes into a brown paper bag, crumpled up the bag and placed it inside his pocket. He then returned directly to the Chevrolet and proceeded to drive into Westchester County. Detective Landers informed his fellow officers that he had seen the defendant "cop" (buy) some heroin and it was in a brown paper bag. The officers continued to "tail" the Chevrolet. At a stop light in Yonkers, the police officers pulled over defendant's vehicle, directed the occupants to get out of the car, and conducted a pat-down search. Contemporaneous with the frisk, Detective De Blassis looked inside the vehicle and observed what appeared to be a crumpled up, brown paper bag on the dashboard of the Chevrolet. Upon removing and opening the same, which consisted of crumpled brown paper held together by a rubber band, the detective observed 25 glassine envelopes containing white powder. We find that when Detective Landers, an experienced narcotics detective observed the defendant, a reputed drug user, exchange money for glassine envelopes — the "hallmark" of a drug transaction — in an area rampant with narcotics activity, probable cause existed to stop the vehicle, which defendant entered while still in possession of the glassine envelopes, and to arrest him (see *People v McRay,* 51 NY2d 594, 604-605; *People v Alston,* 84 AD2d 737; *People v Gonzales,* 86 AD2d 634). Moreover, the contemporaneous search of the vehicle and the closed brown paper container found in the passenger compartment of the vehicle which defendant was driving was not violative of his Fourth Amendment rights under the United States Constitution since the search was permissible as incident to a lawful arrest (see *New York v Belton,* 453 US 454). Nor did said search violate the State Constitution as the afore-noted circumstances gave the police reason to believe that the passenger compartment of defendant's vehicle and its visible contents might contain evidence related to the crime for which the arrest was being made, bringing the search and seizure within the automobile exception to the warrant requirement (*People v Belton,* 55 NY2d 49; *People v Orlando,* 56 NY2d 441; *People v Milerson,* 51 NY2d 919; see, also, *People v Smith,* 59 NY2d 454). By opening the brown paper package, Detective De Blassis did not exceed the permissible scope of a warrantless search under the automobile exception. The scope of a lawful search extended to any container or package in the passenger compartment for which there existed probable cause to believe that contraband or evidence related to the crime might be found, i.e., a brown paper package large enough to serve as a

receptacle for storing glassine envelopes (*United States v Ross,* 456 US 798; *People v Belton, supra; People v Smith, supra*). Inasmuch as the search of the passenger compartment of defendant's vehicle and the package within the compartment was not improper there was no legal basis for suppressing the brown paper package and the glassine envelopes containing a white powdery substance. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.