■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL ANDUJAR, Also Known as RAPHAEL ANDUHAR, Appellant.—Order of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered on or about May 28, 1987, which, following a hearing, denied defendant's motion to vacate the judgment of conviction against him, on appeal to this court by permission of Betty Weinberg Ellerin, J., granted on June 6, 1989, is unanimously reversed on the law, the motion to suppress granted, and the motion to vacate the conviction granted.

Consequently, the judgment of the Supreme Court, New

York County (Eugene L. Nardelli, J.), rendered on May 28, 1987, convicting defendant, following a jury trial, of criminal possession of a controlled substance in the first degree and sentencing him to a term of incarceration of from 15 years to life, is unanimously reversed on the law, the conviction vacated and the indictment dismissed.

On March 22, 1986 at approximately 4:30 P.M., Police Officers James Doyle and Edward McDermott were on motor patrol in Manhattan when they received a radio call that a person in apartment 3C at 450 West 163rd Street had heard shots fired. The report did not contain any information concerning the identity of the informant, the specific location of the alleged shots or even the time that these shots had occurred. Indeed, Officer Doyle conceded that he was uncertain whether the call was reliable. Yet, the officers made no effort to investigate the accuracy of the report. They simply proceeded to the stated address where Officer Doyle immediately ran up the stairs to the third floor and, after hearing a conversation in Spanish emanating from apartment 3C, a discussion which he did not understand but which it appeared was being carried out in normal, friendly voices, he pushed open the slightly ajar door and rushed inside. In that regard, Officer Doyle did not knock, ring the bell or attempt to identify himself. He simply pushed into the apartment without announcing himself, service revolver in hand, and only after he was already inside did he observe a man with a gun. Defendant herein (not the person holding the weapon) was one of the four people on the premises where cocaine and drug paraphernalia were also present. All four men were arrested.

Following a trial held in connection with this matter, the four defendants were convicted of criminal possession of a controlled substance in the first degree, and two of them were also found guilty of criminal possession of a weapon in the third degree. Unsuccessful motions seeking trial orders of dismissal and to set aside the verdicts pursuant to CPL 330.30 ensued. Defendant was sentenced on May 28, 1987 to a term of incarceration of from 15 years to life. In a motion dated October 20, 1987, he moved to vacate the judgment of conviction under CPL 440.10, arguing that Officer Doyle's entry into apartment 3C had been unlawful. He asserted that he had not moved for suppression prior to trial because, according to prevailing legal authority, it was highly questionable whether he possessed the requisite standing to challenge the entry. However, defendant contended, the intervening decision by the Court of Appeals in *People v Millan* (69 NY2d 514)

indicated that he did have standing. The trial court thereafter directed a hearing to determine whether the entry and search of the apartment had violated defendant's constitutional rights. The court subsequently denied the motion to vacate the judgment, concluding that the intrusion was justified under the emergency exception to the warrant requirement.

At the outset, it should be noted that while the People urge that defendant did not establish his standing to object to the seizure of the cocaine since he did not have an expectation of privacy in the subject apartment, the prosecution has failed to cross-appeal from the Supreme Court's order insofar as it found that there was standing. Consequently, that portion of the trial court's ruling is not before us now for review *(People v Milerson,* 51 NY2d 919, 921). As for the alleged emergency which the People advance as a predicate for the warrantless intrusion, it is significant that the report upon which the police acted did not state that the shots had been fired in apartment 3C or even elsewhere in the building. In *People v Mitchell* (39 NY2d 173, 177-178), the Court of Appeals declared that the factors to be considered in appraising a particular situation to ascertain the existence of exigent circumstances are as follows:

"(1) The police must have reasonable grounds to believe that there is an emergency at hand and an immediate need for their assistance for the protection of life or property.

"(2) The search must not be primarily motivated by intent to arrest and seize evidence.

"(3) There must be some reasonable basis, approximating probable cause, to associate the emergency with the area or place to be searched".

Applying these criteria to the instant matter, it is clear that, even assuming that the first two elements were met herein, which is not at all evident, there was no reasonable basis, and certainly none approaching probable cause, to connect the emergency with apartment 3C. Officer Doyle burst into the premises because he claimed to have been suspicious, a suspicion apparently attributable to the fact that, as he testified at trial, he was aware that 450 West 163rd Street was a known drug location regularly visited by New Jersey residents for the sole purpose of purchasing cocaine. However, the anonymous call to the police did not specify the site of the emergency, and the officers themselves neither observed anything indicating the presence of exigent circumstances nor undertook any sort of investigation on the scene.

Consequently, the record herein does not demonstrate any exigent circumstances such as would support the warrantless entry into apartment 3C, and the motion to suppress should have been granted. Concur—Murphy, P. J., Carro, Kassal, Milonas and Wallach, JJ.