■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGUE DEL GUIDICESOL, Also Known as ROGUE SOLANO DEL GUIDICE, Appellant.—Judgment of the Supreme Court, New

York County (Allen G. Alpert, J., at suppression hearing, plea and sentence), rendered May 11, 1989, convicting defendant of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of imprisonment of five years to life, unanimously affirmed.

On November 6, 1988, police officers on radio motor patrol received a radio report of shots fired in apartment 24 on the second floor of 510 West 144th Street in Manhattan. The officers proceeded to that apartment, knocked on the door, and heard a male voice say "wait a minute". Thereupon the officers heard sounds suggestive of glass breaking, objects falling, a window opening, and movement inside the apartment. After the officers knocked several more times, the defendant opened the door and put his hands up. One officer stayed with defendant while the other checked the apartment to see whether anyone was hurt. No one else was in the apartment, but a large quantity of cocaine and money was seen lying on a bed. The bathroom floor was littered with broken glass and other items. At the bottom of the airshaft outside the bathroom window, the police recovered a triple-beam scale and a plastic bag containing money and cocaine.

After a hearing held on the defendant's motion to suppress the evidence, at which the above facts were adduced, the court found, and we agree, that the police had reasonable grounds to believe that their assistance was needed in an emergency situation within the apartment, that the search was not primarily motivated by an intent to make an arrest and seize evidence, and that there was a reasonable basis to associate the emergency with the area to be searched (People v Mitchell, 39 NY2d 173, 177-178, cert denied 426 US 953; compare, People v Andujar, 160 AD2d 403, rearg denied 166 AD2d 934). Accordingly, the entry and search by the police were entirely proper. We find no reason to disturb the negotiated sentence. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.