■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE A. FRIEDMAN, Appellant.—Judgment unanimously affirmed. Memorandum: The record supports the suppression court's determination that the police had probable cause to believe that defendant's automobile contained contraband. The contraband which was inadvertently discovered by a

volunteer firefighter who had administered medical care and treatment to defendant following an automobile accident, and which had been turned over to the police, provided sufficient probable cause to believe that defendant's automobile might contain additional contraband. The removal of defendant's vehicle from the highway to a private garage where it had been towed following the accident does not undermine the propriety of the search (see, People v Milerson, 51 NY2d 919, 921). Thus, the warrantless search of defendant's automobile was justified by the automobile exception to the warrant requirement of the Constitution (see, People v Orlando, 56 NY2d 441; People v Belton, 55 NY2d 49, rearg denied 56 NY2d 646). In view of this conclusion, we need not address defendant's contention that the People's proof at the suppression hearing was insufficient to establish that the search was conducted pursuant to standard police procedures authorizing the inventory search of impounded vehicles (see, People v Blasich, 73 NY2d 673, 677, n 1). (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—criminal possession of controlled substance, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.