■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD HARRIS, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant was indicted for criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree after cocaine was found in defendant's home during the execution of a search warrant on November 21,

1986. Defendant was indicted for criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree after a warrantless search of his automobile on November 28, 1986, revealed cocaine. The indictments were consolidated for trial. Defendant was convicted of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree. Defendant received an aggregate sentence of 17½ years to life.

Defendant moved to suppress the fruits of the warrantless search of his vehicle. We agree that suppression was not warranted. At the suppression hearing, Rochester Police Officer Brunette testified that on November 28, 1986, at about 11:00 P.M., he was patrolling the corner of Jefferson Ave. and Flint St., a corner known for its high rate of illegal narcotics activity. He observed defendant standing on the corner huddled with a group of four or five other men. Hands were going back and forth within the group, although the officer could not discern what was being exchanged. Defendant's black Cadillac was running and was parked illegally nearby. Officer Brunette testified that he was present a week earlier when a search warrant was executed at defendant's residence and drugs were located. He knew that defendant was a major drug dealer who responded to his "customers" via a pager unit or beeper. Moreover, the week before, a confidential informant told the officer that defendant had the best cocaine.

As Officer Brunette approached the group in his marked police vehicle, two of the men ran from the scene. Defendant denied any illegal activity and walked "hurriedly" back to his car. Officer Brunette observed defendant put money into his pocket as he made his way to his car. Defendant drove away, followed by Officer Brunette, who activated his lights and siren to pull defendant over a few blocks away. As the officer approached defendant's vehicle, he observed in plain view on the front seat a pager, a box of clear baggies, and a beige, opaque plastic bag, which he believed contained cocaine. The bag had a bulge in it.

Officer Brunette asked defendant to step out of the car, frisked him, and locked him in the rear of the police vehicle. He then searched defendant's vehicle and cocaine was located in the plastic bag.

The suppression court found that Officer Brunette had probable cause to arrest defendant based upon his observa-

tions of defendant's activities on the street corner. We disagree. The officer did not observe glassine envelopes being passed *(cf., People v McRay,* 51 NY2d 594; *People v Strik,* 96 AD2d 1107), nor did he see anyone hand defendant money *(cf., People v Small,* 144 Misc 2d 560). We conclude, however, that the specific knowledge of defendant's prior drug-related activities by this experienced narcotics officer, coupled with his observations of the occurrence on the corner of Jefferson and Flint, provided him with a reasonable suspicion that defendant had committed a crime, entitling him to pursue and stop defendant's vehicle *(see, People v May,* 81 NY2d 725; *People v Sobotker,* 43 NY2d 559, 563). Upon approaching the vehicle, the officer observed in plain view a pager, a box of clear baggies, and a bulging plastic bag. Officer Brunette was aware that defendant conducted his "business" by using a pager, and also knew that plastic baggies are commonly used to package drugs. The officer's observations elevated his reasonable suspicion to probable cause to believe that a crime had taken place, sufficient to arrest defendant. The same information provided him with probable cause to believe that the vehicle contained drugs, allowing him to search the vehicle as well as any closed containers therein *(see, People v Blasich,* 73 NY2d 673, 678-679; *People v Ellis,* 62 NY2d 393, 397; *People v Belton,* 55 NY2d 49, 54-55, *rearg denied* 56 NY2d 646; *People v Friedman,* 168 AD2d 924, 925, *lv denied* 77 NY2d 906; *People v Spencer,* 130 AD2d 882, 883, *lv denied* 70 NY2d 878).

We agree with Supreme Court that the District Attorney did not abuse his discretion in refusing to grant the confidential informant immunity for the testimony he would provide on defendant's behalf at the *Alfinito* hearing *(see, People v Alfinito,* 16 NY2d 181; *see also, People v Owens,* 63 NY2d 824, 825-826; *People v Sapia,* 41 NY2d 160, 166, *cert denied* 434 US 823). We agree with Supreme Court's further conclusion that the search warrant was based upon probable cause *(see, People v Arnau,* 58 NY2d 27, 38; *People v Gaspar,* 132 AD2d 990, 992, *appeal dismissed* 71 NY2d 887; *People v Baris,* 116 AD2d 174, 185, *lv denied* 67 NY2d 1050). Defendant's argument that a *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) was improperly held outside of his presence *(see, People v Dokes,* 79 NY2d 656) cannot be reviewed on the record before us. We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.