■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JOHNSON, Appellant. [632 NYS2d 357] —Judgment unanimously affirmed. Memorandum: Supreme Court erred in refusing to give a missing witness charge. In light of the overwhelming evidence against defendant, however, such error is harmless; there is no significant probability that the jury

would have otherwise acquitted defendant *(see, People v Fields,* 76 NY2d 761; *People v Crimmins,* 36 NY2d 230, 242).

The contention of defendant that he was entitled to a mistrial due to the prosecutor's reference to defendant's parole violation hearing is without merit. Although the prosecutor's single reference to defendant's parole hearing was improper, reference to the hearing had initially been brought out in defendant's cross-examination of the victim. Further, the court sustained defendant's objection, and gave prompt curative instructions to the jury, thereby ameliorating any possible prejudice to defendant *(see, People v Arce,* 42 NY2d 179). Under the circumstances, the court did not abuse its discretion in denying defendant's motion for the "drastic remedy" of a mistrial *(People v Rice,* 75 NY2d 929, 933; *see, People v Santiago,* 52 NY2d 865).

We reject the contention of defendant that the court erred in refusing to charge attempted robbery in the third degree as a lesser included offense of attempted robbery in the first degree. There is no reasonable view of the evidence that would support a finding that defendant attempted to steal property forcibly but did not use or threaten the immediate use of a dangerous instrument *(see,* Penal Law §§ 110.00, 160.05, 160.15 [3]; *People v Glover,* 57 NY2d 61; *People v Rice,* 81 AD2d 515).

The verdict finding defendant guilty of attempted robbery in the first degree is supported by legally sufficient evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's remaining contention is not preserved for our review *(see, People v Satloff,* 56 NY2d 745, *rearg denied* 57 NY2d 674; *People v Stahl,* 53 NY2d 1048), and we decline to address it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Robbery, 1st Degree.) Present—Denman, P. J., Fallon, Wesley, Doerr and Boehm, JJ.