■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY HUNTLEY, Appellant. [637 NYS2d 836] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in denying defendant's motion for a mistrial based upon the introduction of evidence that defendant had previously attended a "drinking driver" program. When it became apparent that the People could not provide an adequate foundation for that evidence, the court granted defendant's request to strike the evidence and instructed the jury to disregard completely any reference to that program. The court's prompt curative instruction alleviated any possible prejudice to defendant *(see, People v Johnson,* 219 AD2d 809; *People v Brooks,* 213 AD2d 999, *lv denied* 85 NY2d 970) and the "drastic remedy" of a mistrial was not warranted *(People v Rice,* 75 NY2d 929, 933; *see, People v Johnson, supra; People v Rotundo,* 194 AD2d 943, 945, *lv denied* 82 NY2d 726).

The motion to suppress defendant's statement to the police was properly denied. The record supports the court's determination that defendant clearly understood her *Miranda* rights and implicitly waived them when she willingly answered the officer's questions after receiving the *Miranda* warnings *(see, People v Sirno,* 76 NY2d 967, 968). We reject defendant's contention that the People's proof at trial varied from the allegations of the indictment *(see, People v Grega,* 72 NY2d 489). The People met their burden of showing the authenticity of the blood sample used to determine defendant's blood alcohol level *(see, People v Arthur,* 99 AD2d 595; *see also, People v Julian,* 41 NY2d 340, 343). The sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.