■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH S. GONCALVES, JR., Appellant. [732 NYS2d 765] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [5] [ii]), and one count each of criminal possession of marihuana in the fourth degree (Penal Law § 221.15) and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). We reject the contention of defendant that County Court erred in denying his motion to suppress the physical evidence seized from his person and his statements to the police following his arrest.

The police officer was justified in attempting to stop defendant's vehicle for a traffic offense that occurred in the officer's presence (*see, People v Wilson*, 284 AD2d 960; *People v Perruccio*, 267 AD2d 1082, *lv denied* 94 NY2d 905). When defendant failed to pull over and fled at a high rate of speed, the officer was justified in pursuing him and taking him into custody (*cf., People v Manning*, 199 AD2d 621, *lv denied* 83 NY2d 855). The subsequent search of defendant was authorized as a search incident to a lawful arrest (*see, United States v Robinson*, 414 US 218, 235; *People v Weintraub*, 35 NY2d 351, 353-354). We likewise reject the contention of defendant that he did not knowingly and intelligently waive his *Miranda* rights. Contrary to the contention of defendant, no express waiver of his *Miranda* rights was required (*see, North Carolina v Butler*, 441 US 369, 373; *People v Davis*, 55 NY2d 731, 733). Where, as here, a defendant has been advised of his *Miranda* rights and within minutes thereafter willingly answers questions during interrogation, "no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights" (*People v Sirno*, 76 NY2d 967, 968; *see, People v Davis, supra*, at 733). Thus, the record supports the court's determination that defendant understood his *Miranda* rights and implicitly waived them when he willingly answered the officer's questions after receiving the *Miranda* warnings (*see, People v Sirno, supra*, at 968; *People v Huntley*, 224 AD2d 987, *lv denied* 87 NY2d 1020).

Defendant further contends that the court erred in admitting the marihuana and gun in evidence because the People failed to establish a complete chain of custody. We disagree. Where, as here, the trial testimony provides reasonable assurances that the marihuana and gun taken from defendant were the same items as those introduced at trial, "[d]eficiencies in the chain of custody of [that] property go to the weight rather than the admissibility of that evidence" (*People v Caldwell*, 221 AD2d 972, 973, *lv denied* 87 NY2d 920; *see, People v Julian*, 41 NY2d 340, 343; *People v Mendez*, 239 AD2d 945, 946, *lv denied* 90 NY2d 895).

Defendant failed to preserve for our review his contention that the judgment convicting him of criminal possession of marihuana in the fourth degree and aggravated unlicensed operation of a motor vehicle in the third degree is not supported by legally sufficient evidence because he failed to move to dismiss those two counts on that ground at trial (*see, People v Gray*, 86 NY2d 10, 19). Although defendant preserved for our review his contention that the court erred in refusing to dismiss

the two counts of criminal possession of a weapon in the third degree on the grounds that the People failed to prove that the possession occurred outside defendant's home or business and that defendant knew that the serial numbers on the gun were defaced, there is no merit to that contention. The proof at trial establishes that defendant possessed the gun while he was operating a motorcycle on a public road and at the time of his subsequent arrest on the grounds of a nearby school. Thus, the evidence is legally sufficient to establish that the possession of the weapon did not take place in defendant's home or place of business. In addition, Penal Law § 265.15 (5) provides that the possession by any person of a defaced firearm is presumptive evidence that such person defaced the firearm. Here, defendant failed to rebut that statutory presumption. Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. (Appeal from Judgment of Yates County Court, Falvey, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Gorski and Lawton, JJ.