# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**958**

**KA 10-01126**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

PHILLIP L. JONES, DEFENDANT-APPELLANT.

---

WILLIAM G. PIXLEY, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered March 1, 2010.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).  Defendant contends that the People failed to establish that he knowingly, voluntarily, and intelligently waived his *Miranda* rights, and that County Court therefore erred in refusing to suppress the statements he made to the police after the arresting officer read him those rights.  Specifically, defendant contends that the evidence at the *Huntley* hearing demonstrates that he did not waive his *Miranda* rights, but that he asked the arresting officer "[w]hat's going on" after the arresting officer read him the *Miranda* warnings.  Contrary to defendant's contention, the court properly refused to suppress those statements.  It is well settled that "an explicit verbal waiver is not required; an implicit waiver may suffice and may be inferred from the circumstances" (*People v Smith*, 217 AD2d 221, 234, *lv denied* 87 NY2d 977).  Thus, "[w]here, as here, a defendant has been advised of his *Miranda* rights and within minutes thereafter willingly answers questions during interrogation, 'no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights' " (*People v Goncalves*, 288 AD2d 883, 884, *lv denied* 97 NY2d 729, quoting *People v Sirno*, 76 NY2d 967, 968; *see People v Strahin*, 114 AD3d 1284, 1285, *lv denied* 23 NY3d 968).

Entered:  September 26, 2014                          Frances E. Cafarell
                                                      Clerk of the Court