People v Rodriguez-Rivera (2022 NY Slip Op 01704)





People v Rodriguez-rivera


2022 NY Slip Op 01704


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1083 KA 19-00799

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSUE RODRIGUEZ-RIVERA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIELLE E. PHILLIPS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered February 7, 2019. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and unlawful possession of marihuana. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and unlawful possession of marihuana (former § 221.05), defendant contends that Supreme Court erred in refusing to suppress a handgun and marihuana seized from his vehicle because the police did not have probable cause to search the vehicle. We reject that contention. The record establishes, and defendant does not dispute, that the arresting officer was entitled to stop defendant's vehicle after he observed defendant violate a provision of the Vehicle and Traffic Law (see People v Ricks, 145 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 29 NY3d 1000 [2017]; see also Vehicle and Traffic Law § 1163 [a]; see generally People v Robinson, 97 NY2d 341, 349-350 [2001]). We also conclude that, following the traffic stop, the officer had probable cause to search the vehicle after he detected—based on his training and experience—the " 'odor of marihuana emanating from [the inside of the] vehicle' " (Ricks, 145 AD3d at 1611; see People v Clanton, 151 AD3d 1576, 1577 [4th Dept 2017]; People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]). Further, we note that defendant spontaneously admitted to the officer that he had been smoking marihuana and that there was marihuana located inside the vehicle (see People v Milerson, 51 NY2d 919, 920-921 [1980]; Cuffie, 109 AD3d at 1201). We reject defendant's contention that probable cause came to an end once the police discovered a single jar of marihuana; the police had reason to believe that there was additional marihuana to be found inside (see generally Milerson, 51 NY2d at 920-921). While lawfully searching for the additional marihuana, the police recovered the handgun inside the vehicle (see generally People v Brown, 96 NY2d 80, 88-89 [2001]).
We also reject defendant's contention that the court erred in refusing to suppress statements he made to the police. Defendant's statement about the odor in his vehicle, which he made immediately after he was pulled over by the police, was a "response[] to threshold inquiries by the police . . . intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime, and th[at] statement[] thus w[as] not subject to suppression" (People v Mitchell, 132 AD3d 1413, 1414 [4th Dept 2015], lv denied 27 NY3d 1072 [2016] [internal quotation marks omitted]; see generally People v Huffman, 41 NY2d 29, 34 [1976]). Defendant's statement admitting that there was marihuana inside the vehicle was not subject to suppression because it was "spontaneous and not the result of inducement, provocation, encouragement or acquiescence" (People v Bumpars, 178 AD3d 1379, 1380 [4th Dept 2019], lv denied 36 NY3d 1055 [2021] [internal quotation marks omitted]; see People v Rivers, 56 NY2d 476, 480 [1982], rearg denied 57 NY2d 775 [1982]; People v Maerling, 46 [*2]NY2d 289, 302-303 [1978]). Even assuming, arguendo, that defendant's subsequent statement informing the police that the marihuana was under the driver's seat should have been suppressed because it was made in response to a question "reasonably likely to elicit an incriminating response" (Rhode Island v Innis, 446 US 291, 301 [1980]), we conclude that any error in failing to suppress that statement was harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]).
Defendant also contends that the court erred in refusing to suppress a statement he made after one of the officers advised him of his Miranda rights because the People failed to establish that he knowingly, voluntarily, and intelligently waived those rights. We reject that contention. Although defendant initially answered "no" when the officer asked him if he understood the Miranda rights, the evidence at the suppression hearing established that the officer immediately asked defendant what he could clarify about the Miranda rights and that defendant ignored that question to express displeasure at the escalation of the traffic stop—indicating that defendant was not, in fact, confused about his Miranda rights. Moreover, "an explicit verbal waiver [of the Miranda rights] is not required; an implicit waiver may suffice and may be inferred from the circumstances" (People v Smith, 217 AD2d 221, 234 [4th Dept 1995], lv denied 87 NY2d 977 [1996]; see People v Jones, 120 AD3d 1595, 1595 [4th Dept 2014]). Here, we conclude that the People established an implicit waiver by virtue of the fact that "defendant ha[d] been advised of his Miranda rights and within [seconds] thereafter willingly answer[ed] questions during interrogation" (People v Goncalves, 288 AD2d 883, 884 [4th Dept 2001], lv denied 97 NY2d 729 [2002] [internal quotation marks omitted]; see Jones, 120 AD3d at 1595).
As defendant correctly concedes, he failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crime and the violation as charged to the jury (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that he was denied effective assistance of counsel based on the alleged failure of his attorney to advise him to accept the People's plea offer. The record amply demonstrates that, on multiple occasions, the People extended a favorable plea offer to defendant and that he discussed the offer with defense counsel and ultimately rejected it each time, insisting that he wanted to go to trial. Defendant therefore failed to satisfy his burden of showing "that a plea offer was made, that defense counsel failed to inform him of that offer, and that he would have been willing to accept the offer" (People v Fernandez, 5 NY3d 813, 814 [2005] [internal quotation marks omitted]; see also People v Spencer, 183 AD3d 1258, 1259 [4th Dept 2020], lv denied 35 NY3d 1070 [2020]). Defendant's remaining allegations of ineffective assistance of counsel lack merit (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Burgess, 159 AD3d 1384, 1385 [4th Dept 2018], lv denied 31 NY3d 1115 [2018]). In short, we conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (Baldi, 54 NY2d at 147; see generally People v Ross, 118 AD3d 1413, 1415-1416 [4th Dept 2014], lv denied 24 NY3d 964 [2014]).
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court