People v Singleton (2025 NY Slip Op 02452)

People v Singleton

2025 NY Slip Op 02452

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

166 KA 23-01887

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAJUAN R. SINGLETON, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered September 15, 2023. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
Defendant contends that Supreme Court erred in refusing to suppress physical evidence—i.e., a revolver seized from him following a traffic stop—because the police did not have probable cause to search his person. We reject that contention. The record establishes, and defendant does not dispute, that the police were entitled to stop the vehicle in which he was a passenger after they observed the vehicle's driver violating a provision of the Vehicle and Traffic Law (see People v Rodriguez-Rivera, 203 AD3d 1624, 1625 [4th Dept 2022], lv denied 39 NY3d 942 [2022], lv denied 42 NY3d 1037 [2024]; see also Vehicle and Traffic Law § 1229-c [3]; see generally People v Hinshaw, 35 NY3d 427, 430 [2020]). We conclude that, following the traffic stop, the police had probable cause to search defendant and the vehicle after they detected, based on their training and experience, the "odor of marihuana emanating from [the inside of the] vehicle" (Rodriguez-Rivera, 203 AD3d at 1625 [internal quotation marks omitted]; see People v Clanton, 151 AD3d 1576, 1577 [4th Dept 2017]; People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]) and observed small pieces of marihuana strewn about the vehicle's interior (see People v Bethea, 191 AD3d 1487, 1487-1488 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]; see generally People v Edwards, 14 NY3d 741, 742 [2010], rearg denied 14 NY3d 794 [2010]). While lawfully searching defendant for additional marihuana, the police recovered the revolver from his pocket (see Rodriguez-Rivera, 203 AD3d at 1625; see generally People v Brown, 96 NY2d 80, 88-89 [2001]).
We reject defendant's contention that the court erred in denying his motion to reopen the suppression hearing. The court properly denied the motion inasmuch as it was based on evidence that was available and could have been discovered with reasonable diligence prior to the hearing (see CPL 710.40 [4]; People v Strong, 164 AD3d 1637, 1639 [4th Dept 2018], lv denied 32 NY3d 1178 [2019], cert denied — US &mdash, 140 S Ct 199 [2019]; People v Smith, 158 AD3d 1081, 1082 [4th Dept 2018], lv denied 31 NY3d 1121 [2018], reconsideration denied 32 NY3d 1008 [2018]) or that would not have changed the outcome of the hearing (see People v Crespo, 117 AD3d 1538, 1539 [4th Dept 2014], lv denied 23 NY3d 1035 [2014]; cf. People v John, 38 AD3d 568, 569 [2d Dept 2007]; see generally People v Harris, 203 AD3d 1614, 1615 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]).
Defendant further contends that the court erred in permitting the People to introduce certain Molineux evidence. Although we agree with defendant that his "pretrial objection to the [*2]People's Molineux [application] . . . was sufficient to preserve for appellate review his contention that [the court] improperly admitted" that evidence (People v Hills, 234 AD3d 1311, 1313 [4th Dept 2025] [internal quotation marks omitted]; see CPL 470.05 [2]; People v Bonich, 208 AD3d 679, 679 [2d Dept 2022], lv denied 39 NY3d 939 [2022]), we reject his contention on the merits. We conclude that evidence that defendant possessed marihuana at the time of the traffic stop was inextricably intertwined with the facts of the charged crime inasmuch as that evidence was necessary to explain how the police discovered a gun in defendant's possession (see Hills, 234 AD3d at 1313; People v Spencer, 225 AD3d 1200, 1201 [4th Dept 2024], lv denied 42 NY3d 930, 1037 [2024]; People v Larkins, 153 AD3d 1584, 1586-1587 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]). We further conclude that the challenged evidence was highly probative and that the probative value of the evidence was not outweighed by its potential for prejudice (see generally People v Alvino, 71 NY2d 233, 242 [1987]). Moreover, we note that the court minimized the prejudicial effect of the challenged evidence by providing appropriate limiting instructions to the jury (see generally People v Morris, 21 NY3d 588, 598 [2013]; Spencer, 225 AD3d at 1201).
To the extent that defendant on appeal implicitly challenges the admission of the revolver and ammunition in evidence at trial on the basis that the People failed to establish an adequate chain of custody, that contention is unpreserved for our review (see People v Carey, 162 AD3d 1476, 1478 [4th Dept 2018], lv denied 32 NY3d 936 [2018]; People v Irizarry, 160 AD3d 1384, 1386 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]; People v Alexander, 48 AD3d 1225, 1226 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). In any event, even assuming, arguendo, that there were gaps in the chain of custody, we conclude that the police provided sufficient assurances of the identity and unchanged condition of the challenged evidence (see People v Julian, 41 NY2d 340, 342-343 [1977]), and the alleged gaps thus went to the weight of the evidence, not its admissibility (see People v Kennedy, 78 AD3d 1477, 1478 [4th Dept 2010], lv denied 16 NY3d 798 [2011]; People v Cleveland, 273 AD2d 787, 788 [4th Dept 2000], lv denied 95 NY2d 864 [2000]).
Indeed, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). An acquittal would have been unreasonable on this record given the uncontested evidence establishing that the police found a loaded and operable revolver on defendant's person following a traffic stop—i.e., when he was not in his home or place of business. Even assuming, arguendo, that an acquittal would not have been unreasonable, we cannot conclude that the jury "failed to give the evidence the weight it should be accorded" (id.).
Finally, we have considered defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court