■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGRIPPA BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 25, 1986, convicting him of robbery in the first degree (two counts) and burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant claims that the branch of his omnibus motion which was to suppress identification testimony was improperly denied. Contrary to his contention, we find that the record fully supports the hearing court's conclusion that two of the robbery victims had ample opportunity in which to view the defendant during the perpetration of the crime, thus providing an independent basis for these victims' subsequent in-court identification testimony *(see, People v Pleasant,* 54 NY2d 972, *cert denied* 455 US 924; *People v Ballott,* 20 NY2d 600; *People v Rodriguez,* 143 AD2d 109). We note that both of the robbery victims who made in-court identifications of the defendant at trial had more than one opportunity to view the defendant and his brother, who was a codefendant, during the commission of the robbery in good lighting, and at close range, as they made extended efforts to force open two safes. We further note that the hearing court commented on the "striking resemblance" between the defendant and his brother. The defendant's further argument that the identification testimony should have been suppressed because of inconsistencies between the testimony of the victims is also without merit. The rule that issues of credibility are primarily for the hearing court to decide, and that its findings should be upheld unless they are clearly erroneous, is especially appropriate in view of the startling resemblance between the defendant and his brother *(see, People v Johnson,* 129 AD2d 739; *People v Armstead,* 98 AD2d 726).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find

that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence.

We have considered the defendant's remaining contentions and find that they are either unpreserved for our review or involve harmless errors. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.