■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FITZGERALD, Appellant. [612 NYS2d 172] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 8, 1992, convicting him of criminal possession of a controlled substance in the fifth degree and criminal use of drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The issue of the legal sufficiency of the evidence is not preserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

We find that the hearing court properly ruled that the defendant was not deprived of his statutory right to a speedy trial pursuant to CPL 30.30. The time period from November 27, 1990, the date the defendant was arrested in New Jersey, until and including September 25, 1991, the date he was released from custody in New Jersey and returned back to New York, is not chargeable to the People pursuant to CPL 30.30 (4) (c) because the defendant was absent, his location was unknown, and it could not be determined by due diligence.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.