THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MORGAN, Appellant. [755 NYS2d 538] —Appeal from a judg-

ment of Monroe County Court (Geraci, Jr., J.), entered July 7, 2000, convicting defendant after a jury trial of, inter alia, rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of rape in the first degree (Penal Law former § 130.35 [1]), sodomy in the first degree (former § 130.50 [1]) and unlawful imprisonment in the second degree (§ 135.05). Defendant failed to preserve for our review his contention that County Court erred in failing to suppress the showup identification of him by the victim on the ground that it was not conducted promptly after the crime occurred (see CPL 470.05 [2]). In any event, that contention lacks merit. Defendant was apprehended around the corner from the scene of the crime several minutes after the victim fled the scene and called the police. Thus we conclude that the showup "was properly conducted in the interest of prompt identification" (People v Amin, 294 AD2d 863, 864, lv denied 98 NY2d 672; see People v Duuvon, 77 NY2d 541, 544). We reject defendant's further contention that the showup was unduly suggestive on the ground that a police officer told the victim that another officer was bringing a suspect wearing clothing that matched the description of the clothing given by the victim. The victim and defendant were seated in separate police vehicles in a parking lot and defendant was visible only from the chest up. We conclude that the officer's remark did not render the showup unduly suggestive (see generally People v Clark, 280 AD2d 979, 980, lv denied 96 NY2d 827), especially in light of defendant's distinctive hair color. Present—Wisner, J.P., Scudder, Burns and Hayes, JJ.