THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROQUE LABOY, Appellant. [843 NYS2d 83]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered August 3, 2004, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to dismiss the indictment pursuant to CPL 30.30. The record demonstrates that the People exercised due diligence in attempting to locate the defendant during his absence (*see* CPL 30.30 [4] [c] [i]; *People v Fitzgerald*, 204 AD2d 565 [1994]). Once the People learned that the defendant was incarcerated in Connecticut on an unrelated charge, the People exercised due diligence

in obtaining his return to New York (*see* CPL 30.30 [4] [e]; *People v Williams*, 229 AD2d 603 [1996]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The investigatory traffic stop was based upon reasonable suspicion (*see People v Ballard*, 16 AD3d 697 [2005]), followed by additional observations giving rise to probable cause, including observation of the stolen property in plain view (*see People v Haynes*, 16 AD3d 434 [2005]). Further, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the in-court identification, which was based on the eyewitness's independent recollection of the defendant during the commission of the crime, and thus, was not tainted by the police station showup (*see People v Pleasant*, 54 NY2d 972 [1981], *cert denied* 455 US 924 [1982]; *People v Brown*, 148 AD2d 742 [1989]).

The defendant's remaining contentions in his supplemental pro se brief, regarding the prosecutor's comments during opening statement and summation, are not preserved for appellate review, and in any event, are without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.