■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY L. DAVIS, Appellant. (Appeal No. 1.) [851 NYS2d 320]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered March 18, 2004. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the fourth degree (§ 145.00 [1]). Both judgments arose from one incident in which defendant allegedly entered the home of the victim and stole some of the victim's property and damaged other property. We reject the contention of defendant that the police lacked probable cause to arrest him. A police officer observed defendant carrying a white plastic bag two blocks from the scene of the reported burglary shortly after it was reported, and defendant matched the victim's description of the man seen by the victim walking in the victim's driveway and carrying a bag full of items. In addition, defendant was evasive and, indeed, he fled from the police when they attempted to speak to him in the driveway of a house where he claimed to reside. It is well settled that "a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (*People v Sierra*, 83 NY2d 928, 929 [1994]; *see*

*People v Nesmith*, 289 AD2d 1049 [2001], *lv denied* 97 NY2d 758 [2002]). We thus conclude that the police were entitled to pursue defendant (*see People v Martinez*, 39 AD3d 1159, 1160 [2007], *lv denied* 9 NY3d 867 [2007]). The police then observed defendant emerge from behind another property on a bicycle that the police determined did not belong to him, and he abandoned the bicycle while maintaining possession of the bag, from which items had fallen. We conclude that the police then had probable cause to arrest defendant, even prior to the showup identification by the victim (*see People v Brnja*, 50 NY2d 366, 372-374 [1980]; *People v Jackson*, 272 AD2d 991 [2000], *lv denied* 95 NY2d 866 [2000]).

Also contrary to defendant's contention, the showup identification procedure, which was conducted in geographic and temporal proximity to the crime, was not unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *People v Duuvon*, 77 NY2d 541, 544 [1991]). The fact that defendant was removed from a police car does not render the showup identification procedure unduly suggestive (*see People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]), nor does the fact that he was in handcuffs and was standing next to two police officers render it unduly suggestive (*see People v Delarosa*, 28 AD3d 1186, 1187 [2006], *lv denied* 7 NY3d 811 [2006]). Finally, we reject the contention of defendant that Supreme Court erred in refusing to suppress his statements to the police. Although defendant contended that his physical condition prevented him from validly waiving his *Miranda* rights, the testimony presented by the People at the suppression hearing established that defendant did not appear to be intoxicated and that he was able to understand and respond to the questions posed to him. Great deference is afforded the findings of the suppression court (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and we conclude that the court properly determined that defendant "was not intoxicated to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights" (*People v Downey*, 254 AD2d 794, 795 [1998], *lv denied* 92 NY2d 1031 [1998]). Present—Hurlbutt, J.P., Gorski, Martoche, Lunn and Peradotto, JJ.