THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW YOUNG, Appellant. [891 NYS2d 577]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1], [2]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject the contention of defendant that the stop of his vehicle was illegal and thus that County Court erred in refusing to suppress as the fruit of an illegal stop statements that he made to the police as well as his shoes that were seized by the police. The police had reasonable suspicion to stop the vehicle that defendant was driving based on the description of the vehicle that was broadcast over the police radio, the proximity of the vehicle to the area where the assault had occurred, and the light traffic conditions (see People v Van Every, 1 AD3d 977, 978-979 [2003], lv denied 1 NY3d 602 [2004]; People v Berry, 306 AD2d 623, 623-624 [2003], lv denied 100 NY2d 618 [2003]).

Defendant further contends that the statements that he made while in two police vehicles were obtained in violation of his right to counsel and thus that the court erred in refusing to suppress those statements. We reject that contention as well. The statements of defendant while using his cell phone were spontaneous inasmuch as "they were in no way the product of

an 'interrogation environment [, i.e.,]' . . . the result of 'express questioning or its functional equivalent' " (*People v Stoesser*, 53 NY2d 648, 650 [1981]; *see People v Harris*, 57 NY2d 335, 342 [1982], *cert denied* 460 US 1047 [1983]). Further, defendant's statement to an officer in the vehicle was also spontaneous (*see People v Clabeaux*, 277 AD2d 988 [2000], *lv denied* 96 NY2d 781 [2001]).

We reject defendant's contention that the testimony of a police investigator rendered the indictment defective. It cannot be said that the testimony of the investigator impaired the integrity of the grand jury proceedings (*see generally People v Huston*, 88 NY2d 400, 409 [1996]) and, in particular, the testimony concerning blood evidence was not improper because even " '[l]ay witnesses are competent to identify blood from its appearance' " (*People v Rusho*, 291 AD2d 855, 856 [2002], *lv denied* 98 NY2d 680 [2002]). Defendant failed to preserve for our review his challenge to the court's ultimate *Sandoval* ruling (*see People v Alston*, 27 AD3d 1141 [2006], *lv denied* 6 NY3d 892 [2006]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we conclude that the court properly determined that defendant's self-serving statement was inadmissible (*see People v Oliphant*, 201 AD2d 590 [1994], *lv denied* 83 NY2d 875 [1994]), and that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.