THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. GREEN, Appellant. [893 NYS2d 723]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that the police lacked probable cause to arrest him and that Supreme Court therefore erred in refusing to suppress his oral and written statements to the police as well as certain tangible evidence seized as the result of that allegedly unlawful arrest. We reject that contention. Here, the victims provided the police with a description of the two perpetrators and the escape vehicle driven by a third individual. Based on a radio dispatch containing that information, an officer detained a vehicle near the scene of the robbery matching the description of the escape vehicle and containing three individuals. The driver of the vehicle informed the officer that he and the two other occupants had just left the bar outside of which the robbery had occurred, and police offi-

cers observed items matching the description of the stolen property on the ground next to the passenger side door and in the front seat of the vehicle in question. We thus conclude that the police had probable cause to arrest defendant, i.e., they had "knowledge of facts and circumstances 'sufficient to support a reasonable belief that an offense has been or is being committed' " (*People v Maldonado*, 86 NY2d 631, 635 [1995]), even before the showup identification of defendant by one of the victims had taken place (*see generally People v Davis*, 48 AD3d 1120, 1122 [2008], *lv denied* 10 NY3d 957 [2008]).

We reject defendant's further contention that the verdict with respect to the first count of the indictment is against the weight of the evidence. Viewing the evidence in light of the elements of the crime in the first count of the indictment as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that he was denied a fair trial by alleged prosecutorial misconduct on summation (*see People v Bones*, 50 AD3d 1527 [2008], *lv denied* 10 NY3d 956 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.