■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL J. RICHARDSON, JR., Appellant. [896 NYS2d 542]—

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered October 15, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [b]). County Court properly refused to suppress the showup identification of defendant by several eyewitnesses. The information provided by the eyewitnesses and broadcast over the police radio established that two black males wearing white T-shirts had just robbed a drug store, and that information also included the make, model, color and approximate year of the vehicle in which they fled the scene. Shortly after the robbery, the police observed a stopped vehicle in which three black males, including defendant, were seated, and that vehicle matched the description provided by the eyewitnesses. Consequently, the police were justified in initially approaching the stopped vehicle (see People v Sanders, 224 AD2d 956 [1996], lv denied 88 NY2d 885 [1996]; see also People v Young, 68 AD3d 1761 [2009]; People v Van Every, 1 AD3d 977, 978-979 [2003], lv denied 1 NY3d 602 [2004]). The police also had reasonable suspicion to detain defendant and the two passengers for the showup identification approximately 30 to 45 minutes after the robbery had occurred. As noted, the vehicle matched the description of the getaway vehicle and, in addition, it was located near the scene of the robbery and there were two white T-shirts on the seats of the vehicle (see People v Cash J.Y., 60 AD3d 1487, 1489 [2009], lv denied 12 NY3d 913 [2009]). We reject the contention of defendant that he was subjected to a de facto arrest at the time of the showup identification procedure (see generally People v Smith, 234 AD2d 946 [1996], lv denied 89 NY2d 1041 [1997]). Contrary to defendant's further contention, the showup identification procedure was not unduly suggestive. The People met their initial burden of establishing "the reasonableness of the police conduct and the lack of any undue suggestiveness," and defendant failed to meet his ultimate burden of establishing that the showup identification procedure was unduly suggestive (People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). Indeed, we conclude that the procedure was "reasonable under the circumstances" (People v Brisco, 99 NY2d 596, 597 [2003]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.