# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**423**
**KA 08-01012**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

VICTOR E. SANTIAGO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered February 7, 2008.  The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree and possession of burglar's tools.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]) and possession of burglar's tools (§ 140.35), defendant contends that County Court erred in refusing to suppress the victim's showup identification of him.  Defendant contended following the suppression hearing that the showup procedure was "inherently suggestive" because the victim was "a young man who was shown no one else moments after an event."  Thus, defendant failed to preserve for our review his present contentions that the showup procedure was unreasonable under the circumstances, that it was unduly suggestive because the 13-year-old identifying victim observed defendant exiting a police car in handcuffs, and defendant was in the presence of a police officer during the showup procedure (*see* CPL 470.05 [2]; *People v Morgan*, 302 AD2d 983, 984, *lv denied* 99 NY2d 631).  In any event, we conclude that defendant's present contentions lack merit.  The showup procedure was reasonable under the circumstances because it was conducted in "geographic and temporal proximity to the crime" (*People v Brisco*, 99 NY2d 596, 597; *see People v Kirkland*, 49 AD3d 1260, 1260-1261, *lv denied* 10 NY3d 958, 961, *cert denied* ___ US ___, 129 S Ct 1331; *People v Davis*, 48 AD3d 1120, 1122, *lv denied* 10 NY3d 957).  Further, the showup procedure was not rendered unduly suggestive by the victim's observation of defendant exiting a police car in handcuffs or by the fact that defendant was in the presence of a police officer during the procedure (*see Davis*, 48 AD3d at 1122; *see also People v Grant*, 77

AD3d 558).  Finally, it cannot be said that the identifying victim's young age rendered the showup procedure unduly suggestive (*see generally People v Smith*, 236 AD2d 639, 640, *lv denied* 90 NY2d 863).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court