# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1197**

**KA 09-00299**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

EULESE N. CRUZ, ALSO KNOWN AS MARCO AGUAY,
DEFENDANT-APPELLANT.

---

FREDERICK P. LESTER, PITTSFORD, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (KRISTYNA S. MILLS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered January 6, 2009.  The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree and criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]).  Defendant entered an *Alford* plea with respect to attempted robbery only, and he contends that County Court erred in accepting his *Alford* plea to that crime because the record lacked the requisite strong evidence of guilt to support the *Alford* plea (*see generally People v Hill*, 16 NY3d 811, 814).  In addition, defendant contends that the court was unable to determine whether his *Alford* plea was the product of a voluntary and rational choice because the prosecutor failed to set forth on the record the evidence against defendant with respect to the attempted robbery.  Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Hinkle*, 56 AD3d 1210; *see also People v Dash*, 74 AD3d 1859, 1860, *lv denied* 15 NY3d 892).  In any event, defendant's contention is without merit.  " '[T]he record before the court contains strong evidence of actual guilt' " (*Hill*, 16 NY3d at 814), and thus the court was able to determine that defendant's *Alford* plea was " 'the product of a voluntary and rational choice' " (*id.*).

Defendant failed to preserve for our review his further contention that the court erred in failing to conduct a *Darden* hearing

inasmuch as he did not request such a hearing or challenge the identity of the confidential informant (*see* CPL 470.05 [2]; *People v Darden*, 34 NY2d 177, 181, *rearg denied* 34 NY2d 995), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that the court erred in refusing to suppress the identifications made by three confidential informants from a photo array. He contends for the first time on appeal that the photo array was unduly suggestive because the photographs were obtained from the Department of Corrections, and thus he failed to preserve his present contention for our review (*see* CPL 470.05 [2]; *People v Santiago*, 83 AD3d 1471, *lv denied* 17 NY3d 800). In any event, the fact that the photo array consisted of photographs obtained from the Department of Corrections did not render it unduly suggestive inasmuch as all of the photographs were obtained therefrom and each was captioned "NYS DOCS." Thus, it cannot be said that the origin of the photographs "create[d] a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Finally, defendant also failed to preserve for our review his contention that the court erred in failing to test the reliability of the confidential informants' identifications from the photo array pursuant to the five-factor analysis set forth in *Manson v Brathwaite* (432 US 98, 114-116; *see* CPL 470.05 [2]; *Santiago*, 83 AD3d 1471), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court