# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**222**

**KA 09-00307**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

STEFAN E. LEWIS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

STEFAN E. LEWIS, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered August 27, 2008. The judgment convicted defendant, upon his plea of guilty, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [3] [felony murder]). Contrary to the People's contention, defendant did not forfeit his right to appeal by pleading guilty after County Court issued an oral suppression ruling but before a written order thereon had been issued; "an appeal does lie from an oral 'order' " (*People v Elmer*, ___ NY3d ___, ___ [June 27, 2012]). Defendant contended at the suppression hearing that the showup identification procedure was unduly suggestive because the store clerk who made the identification did not see the robbers' faces, which were covered. Thus, defendant failed to preserve for our review his present contentions that the court erred in failing to suppress the showup identification on the grounds that the People failed to demonstrate that the showup identification procedure was conducted in temporal proximity to the crime and that the showup identification procedure was unnecessary because the police already had probable cause to arrest him in connection with an earlier robbery (*see* CPL 470.05 [2]).

In any event, we conclude that defendant's present contentions lack merit. Although showup identification procedures are generally disfavored (*see People v Ortiz*, 90 NY2d 533, 537), such procedures are permitted "where [they are] reasonable under the circumstances—that

is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597; *see Ortiz*, 90 NY2d at 537; *People v Jackson*, 78 AD3d 1685, 1685-1686, *lv denied* 16 NY3d 743).  Here, the showup identification procedure was reasonable because it was conducted at the scene of the crime, within 95 minutes of the commission of the crime and in the course of a "continuous, ongoing investigation" (*Brisco*, 99 NY2d at 597; *see People v Santiago*, 83 AD3d 1471, *lv denied* 17 NY3d 800; *People v Boyd*, 272 AD2d 898, 899, *lv denied* 95 NY2d 850).  Further, a showup identification procedure is not improper "merely because the police already have probable cause to detain a suspect" (*People v Davis*, 232 AD2d 154, 154, *lv denied* 89 NY2d 941, *rearg denied* 89 NY2d 1091).  Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that he was denied effective assistance of counsel because his attorney also represented defendant's two accomplices and thus had an inherent conflict of interest.  We reject that contention.  The successive or joint representation of multiple defendants is "not per se violative of one's constitutional right to the effective assistance of counsel" (*People v Macerola*, 47 NY2d 257, 262; *see People v Gonzalez*, 30 NY2d 28, 34, *cert denied* 409 US 859).  While we agree with defendant that both defense counsel and the prosecutor had a duty to recognize a potential conflict of interest, defendant was required to show "that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on defense counsel's representation" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892 [internal quotation marks omitted]).  Here, defendant failed to make such a showing in his pro se supplemental brief, and we therefore conclude that he has not met his burden of demonstrating that he was denied the right to effective assistance of counsel under the Federal or State Constitutions (*see People v Harris*, 99 NY2d 202, 210; *Weeks*, 15 AD3d at 847-848; *cf. People v Ortiz*, 76 NY2d 652, 657-658).  Finally, we note that this case involved successive representations of codefendants, not multiple simultaneous representations of codefendants, and we thus reject defendant's further contention in his pro se supplemental brief that the court was required to conduct a *Gomberg* inquiry (*see People v Jordan*, 83 NY2d 785, 787-788; *People v Gomberg*, 38 NY2d 307, 313-314).

Entered:  July 6, 2012                          Frances E. Cafarell
                                                Clerk of the Court