# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

944

KA 10-02194

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

WILLIAM BOLDEN, DEFENDANT-APPELLANT.

---

KEVIN J. BAUER, ALBANY, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 8, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [1]), defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence because the People failed to prove beyond a reasonable doubt that he was the person who committed the crimes with the codefendant, who was tried jointly with defendant and also convicted. We reject defendant's contentions.

The evidence at trial established that the victim rode his bicycle to a gas station in Buffalo at 5:30 a.m. on the day in question. After purchasing cigarettes, the victim observed a black Chevy Trailblazer with front-end damage pull up to the gas pump. There were two African-American men in the Trailblazer, one of whom the victim had known since childhood but whose name he could not recall. The victim approached the Trailblazer and chatted with the two men, who were drinking from a bottle of Grey Goose vodka. After approximately five minutes of conversation, the man whom the victim knew exited the vehicle and struck the victim's head with the bottle. The other man then slammed the victim to the ground and, while the victim was face-down on the ground, one of the two perpetrators searched the victim's pockets and took his cell phone, cash and cigarettes before driving away in the Trailblazer. The victim rode his bicycle to a nearby pay phone and called 911. The police arrived

within minutes and took a statement from the victim, who, according to one of the responding officers, appeared disheveled and upset. The officers then began to search for the perpetrators.

Within 20 minutes of the robbery, the police observed a black Chevy Trailblazer with front-end damage parked on the street within a quarter of a mile from the crime scene. Defendant was in the driver's seat of the vehicle, and the codefendant was in the front passenger's seat. After approaching the vehicle and detaining defendant and the codefendant, both of whom are African-American, the police dialed the victim's cell phone number, whereupon a cell phone in the vehicle started to ring. The police seized the phone, which was later determined to belong to the victim, along with a pack of cigarettes found in the center console. In addition, the police found an empty bottle of Grey Goose vodka on the ground next to the vehicle, and another bottle inside the vehicle. During a police-arranged showup identification procedure conducted within 30 minutes of the crime, the victim identified both defendant and the codefendant as the men who robbed him. At trial, the victim again made a positive identification of defendant and the codefendant, and he testified that during a break in the trial defendant approached him and offered to give everything back to him.

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person" to conclude that defendant participated in the robbery with the codefendant (*People v Bleakley*, 69 NY2d 490, 495). Moreover, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally id.*). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see People v Kalen*, 68 AD3d 1666, 1666-1667, *lv denied* 14 NY3d 842; *see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the police unlawfully seized him and that Supreme Court therefore erred in refusing to suppress the physical evidence thereafter obtained by the police. We reject that contention as well. As noted, within 20 minutes of the crime, defendant was observed in the driver's seat of a vehicle that matched the detailed description of the vehicle used by the robbers. The vehicle was located a quarter of a mile from the crime scene, and defendant and the codefendant matched the general description of the suspects provided by the victim. Based on those observations, the police had reasonable suspicion to detain defendant for investigatory purposes, including a prompt showup identification procedure (*see People v Roque*, 99 NY2d 50, 54; *People v Gonzalez*, 91 NY2d 909, 910; *see generally People v Hicks*, 68 NY2d 234, 238-242).

Although defendant did not request a *Wade* hearing, he nevertheless contends on appeal that the showup identification procedure was unduly suggestive. Even assuming, arguendo, that this

issue is properly before us, inasmuch as the court addressed the legality of the showup identification procedure in its decision, we reject defendant's contention.  The showup identification procedure was not rendered unduly suggestive based on the fact that defendant was in handcuffs and in the presence of a uniformed police officer (*see People v Santiago*, 83 AD3d 1471, 1471, *lv denied* 17 NY3d 800; *People v Davis*, 48 AD3d 1120, 1122, *lv denied* 10 NY3d 957), and there is no evidence in the record that the police otherwise suggested to the victim that either suspect was involved in the robbery.

We have reviewed defendant's remaining contentions and conclude that they lack merit.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court