# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1010**

**KA 11-01836**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

PATRICK E. MCDONALD, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 7, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (four counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of four counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). Defendant's contention that his plea was not knowingly, voluntarily, and intelligently entered is unpreserved for our review because he did not move to withdraw the plea or to vacate the judgment of conviction (*see People v Davis*, 99 AD3d 1228, 1229, *lv denied* 20 NY3d 1010). Defendant's further contention that County Court erred in refusing to suppress the identification made by a confidential informant from a photo array is also unpreserved for our review (*see People v Cruz*, 89 AD3d 1464, 1465, *lv denied* 18 NY3d 993), and in any event that contention is without merit.

We reject defendant's contention that the bargained-for sentence is unduly harsh and severe (*see generally People v Santiago*, 1 AD3d 957, 957, *lv denied* 1 NY3d 601). Defendant correctly contends, however, that the uniform sentence and commitment sheet fails to specify whether that sentence is to run concurrently with or consecutively to the sentences imposed for crimes charged in a separate superior court information (SCI), to which he also pleaded guilty. The uniform sentence and commitment sheet therefore must be amended in accordance with the court's directive at sentencing, i.e., to reflect that the sentence pertaining to the SCI is to be served consecutively to the sentence imposed herein (*see People v Jackson*,

108 AD3d 1079, 1081).