# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224**

**KA 10-02344**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BRYAN BASSETT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered September 9, 2010.  The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [2] [b]).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

We reject defendant's further contention that the showup identification procedure resulting in identifications made by two witnesses was unduly suggestive and that County Court erred in refusing to suppress the identifications.  Prompt showup identification procedures that are conducted in geographic and temporal proximity to the crime "are not 'presumptively infirm,' and in fact have generally been allowed" (*People v Ortiz*, 90 NY2d 533, 537, quoting *People v Duuvon*, 77 NY2d 541, 543).  Here, the showup identification procedure was reasonable because it was conducted within 200 yards of the scene of the crime, within 20 minutes of the commission of the crime, and in the course of a continuous, ongoing investigation (*see People v Brisco*, 99 NY2d 596, 597; *People v Lewis*, 97 AD3d 1097, 1098, *lv denied* 19 NY3d 1103).  Moreover, the two

witnesses were placed in different police vehicles and remained apart throughout the showup identification procedure.  Thus, " 'it cannot be said that the [witnesses] were in such proximity while viewing [defendant] that there was an increased likelihood that if one of them made an identification the other[] would concur' " (*People v Woodard*, 83 AD3d 1440, 1441, *lv denied* 17 NY3d 803).

Defendant's contention that he was denied a fair trial based on the prosecutor's improper questions on cross-examination of defendant and improper comments during summation is not preserved for our review inasmuch as defendant failed to object to those instances of alleged misconduct (*see* CPL 470.05 [2]).  We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *see also People v Washington*, 89 AD3d 1516, 1516-1517, *lv denied* 18 NY3d 963).  Finally, the sentence is not unduly harsh or severe.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court