# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1348**

**KA 09-00285**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

RONALD S. SAMUELS, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 13, 2009. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that Supreme Court erred in denying his request to charge assault in the third degree as a lesser included offense (*see generally People v Glover*, 57 NY2d 61, 63). Viewing the evidence in the light most favorable to defendant, as we must (*see People v Burnett*, 100 AD3d 1561, 1562), we reject that contention (*see generally People v Freeman*, 46 AD3d 1375, 1376, *lv denied* 10 NY3d 840; *People v Saunders*, 292 AD2d 780, 780, *lv denied* 98 NY2d 681).

Contrary to defendant's further contention, "the police had reasonable suspicion to stop and detain him for a showup identification procedure based on the totality of the circumstances, including 'a radio transmission providing a general description of the perpetrator[] of [the] crime[,] . . . the . . . proximity of the defendant to the site of the crime, the brief period of time between the crime and the discovery of the defendant near the location of the crime, and the [officer's] observation of the defendant, who matched the radio-transmitted description' " (*People v Casillas*, 289 AD2d 1063, 1064, *lv denied* 97 NY2d 752; *see People v Bolden*, 109 AD3d 1170, 1172; *People v Knight*, 94 AD3d 1527, 1529, *lv denied* 19 NY3d 998). Also contrary to defendant's contention, he was not under arrest at the time that he was handcuffed and transported in a police vehicle to the nearby crime scene for a showup identification procedure (*see*

*People v Galloway*, 40 AD3d 240, 240-241, *lv denied* 9 NY3d 844; *see also People v McCoy*, 46 AD3d 1348, 1349, *lv denied* 10 NY3d 813). Finally, we conclude that "[t]he police had probable cause to arrest defendant after the victim [and a security officer] identified him during the showup identification procedure" (*People v Dumbleton*, 67 AD3d 1451, 1452, *lv denied* 14 NY3d 770).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court