# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**171**

**KA 12-01057**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANTHONY STRAHIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN M. PREVE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIELLE N. SOLURI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 29, 2012. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that Supreme Court erred in refusing to suppress tangible evidence found in his vehicle and his statements to the police, which he alleges were the fruit of an illegal search and seizure of his vehicle. We reject that contention. Although we agree with defendant that the police "effectively seized [his] vehicle when [they] pulled into the [driveway] behind defendant's vehicle in such a manner as to prevent defendant from driving away" (*People v Layou*, 71 AD3d 1382, 1383; *see People v Dean*, 73 AD3d 801, 802; *see generally People v Cantor*, 36 NY2d 106, 111-112), we conclude that the police had reasonable suspicion to justify such a seizure (*see People v Bolden*, 109 AD3d 1170, 1172; *People v Richardson*, 70 AD3d 1327, 1328, *lv denied* 15 NY3d 756; *People v Van Every*, 1 AD3d 977, 978-979, *lv denied* 1 NY3d 602). Among other facts and circumstances, the burglary victims identified defendant, their nephew, as a possible suspect; the police determined that the make and model of the vehicle registered to defendant matched the make and model of a vehicle the victims observed in geographic and temporal proximity to the burglary; and the police observed that the damage to defendant's vehicle matched the description of the vehicle observed by the victims (*see Van Every*, 1 AD3d at 978; *see also Bolden*, 109 AD3d at 1172; *Richardson*, 70 AD3d at 1328; *see generally People v Casillas*, 289 AD2d 1063, 1063-1064, *lv denied* 97 NY2d 752).

Contrary to the further contention of defendant, we conclude that the police had probable cause to arrest him based upon their observation of property in defendant's vehicle that matched the description of property stolen from the victims (*see People v Green*, 68 AD3d 1780, 1780-1781, *lv denied* 14 NY3d 841; *People v LaBoy*, 43 AD3d 453, 454, *lv denied* 9 NY3d 991; *People v Saunders*, 180 AD2d 542, 542, *lv denied* 79 NY2d 1054).  There is no merit to defendant's related contention that the court erred in crediting the police testimony that the stolen property was in plain view.  It is well established that "[t]he credibility determinations of the suppression court 'are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (*People v Bush*, 107 AD3d 1581, 1582, *lv denied* 22 NY3d 954).  Contrary to defendant's contention, the police officer's testimony that he observed a bag containing jewelry between the driver's seat and the center console of the vehicle is not "unbelievable as a matter of law, manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v James*, 19 AD3d 617, 618, *lv denied* 5 NY3d 829), and we therefore see no basis to disturb the court's credibility determination (*see Bush*, 107 AD3d at 1582).

Defendant further contends that the court erred in refusing to suppress his statements to the police because the People allegedly failed to establish that he knowingly, voluntarily, and intelligently waived his *Miranda* rights.  We reject that contention.  "Where, as here, a defendant has been advised of his *Miranda* rights and within minutes thereafter willingly answers questions during interrogation, 'no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights' " (*People v Goncalves*, 288 AD2d 883, 884, *lv denied* 97 NY2d 729, quoting *People v Sirno*, 76 NY2d 967, 968; *see People v Guilford*, 21 NY3d 205, 208).  Thus, the record supports the court's determination that defendant "understood his *Miranda* rights and implicitly waived them when he willingly answered the officer[s'] questions after receiving the *Miranda* warnings" (*Goncalves*, 288 AD2d at 884; *see People v Hale*, 52 AD3d 1177, 1178; *People v Gill*, 20 AD3d 434, 434).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court