# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

727

KA 12-01776

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

IRA WILLIAMS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 12, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree and conspiracy in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Defendant contends that the showup identification procedure was unduly suggestive because he was standing next to a codefendant known to the victim and the People failed to demonstrate that the showup identification procedure was conducted in temporal proximity to the crime. Although defendant failed to preserve the latter contention for our review (*see* CPL 470.05 [2]; *People v Lewis*, 97 AD3d 1097, 1097-1098, *lv denied* 19 NY3d 1103), we conclude in any event that both contentions lack merit. "Although showup identification procedures are generally disfavored . . . , such procedures are permitted 'where [they are] reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive' " (*Lewis*, 97 AD3d at 1098). Although one suspect was known to the victim, the victim identified defendant independently, relying on his skin tone and distinctive hairstyle, such that there is no reason to disturb Supreme Court's suppression ruling on that ground (*see People v Brisco*, 99 NY2d 596, 597). Furthermore, with respect to defendant's contention concerning temporal proximity, the People established at the *Wade* hearing that the showup identification procedure was reasonable because it was conducted within 20 to 30 minutes from the initial report of the crime and suspects fleeing, and "in the course of a continuous, ongoing investigation" (*People v Bassett*, 112 AD3d 1321, 1322). Contrary to defendant's further

contention, the sentence is not unduly harsh or severe.