Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered March 1, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that the People failed to establish that he knowingly, voluntarily, and intelligently waived his Miranda rights, and that County Court therefore erred in refusing to suppress the statements he made to the police after the arresting officer read him those rights. Specifically, defendant contends that the evidence at the Huntley hearing demonstrates that he did not waive his Miranda rights, but that he asked the arresting officer “[w]hat’s going on” after the arresting officer read him the Miranda warnings. Contrary to defendant’s contention, the court properly refused to suppress those statements. It is well settled that “an explicit verbal waiver is not required; an implicit waiver may suffice and may be inferred from the circumstances” (People v Smith, 217 AD2d 221, 234 [1995], lv denied 87 NY2d 977 [1996]). Thus, “[w]here, as here, a defendant has been advised of his Miranda rights and within minutes thereafter willingly answers questions during interrogation, ‘no other indication prior to the commencement of interrogation is necessary to support a conclusion that the defendant implicitly waived those rights’ ” (People v Goncalves, 288 AD2d 883, 884 [2001], lv denied 97 NY2d 729 [2002], quoting People v Sirno, 76 NY2d 967, 968 [1990]; see People v Strahin, 114 AD3d 1284, 1285 [2014], lv denied 23 NY3d 968 [2014]).
Present — Smith, J.P, Fahey, Lindley, Valentino and DeJoseph, JJ.