# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1207

KA 11-01866

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

RAYSHAWN JOHNSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 27, 2011. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree, criminal possession of a weapon in the third degree and attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]). We reject defendant's contention that the showup identification procedures were unduly suggestive. The suppression court found that defendant was not in handcuffs at the time of the showup identification procedures, and we see no basis to disturb the court's findings (see generally People v Prochilo, 41 NY2d 759, 761). In any event, as Supreme Court further concluded, the showup identification procedures were not rendered unduly suggestive even if defendant was in handcuffs and in the presence of uniformed police officers (see People v Santiago, 83 AD3d 1471, 1471, lv denied 17 NY3d 800; People v Davis, 48 AD3d 1120, 1122, lv denied 10 NY3d 957). The showup identification procedures were conducted in geographic and temporal proximity to the crime, and the procedures used were not unduly suggestive (see People v Brisco, 99 NY2d 596, 597; People v Williams, 118 AD3d 1478, 1479). Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  November 14, 2014                          Frances E. Cafarell
                                                     Clerk of the Court