# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**438**

**KA 12-01950**

PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MONZELL DANGERFIELD, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 7, 2011. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). As the People correctly concede, defendant did not waive the right to appeal. Although a waiver of the right to appeal was briefly addressed by County Court as a condition of the plea, there was no colloquy with defendant and he did not waive that right (*see generally People v Lopez*, 6 NY3d 248, 256).

We nevertheless reject defendant's contention that the court erred in refusing to suppress identification evidence on the ground that the showup identification procedure was unduly suggestive. Defendant was identified by the owner of the home, who observed defendant leave his house and enter a green minivan. The owner then followed the minivan and informed the 911 operator of the minivan's location. Although the owner lost sight of the minivan at a particular location, a police officer who was responding to the report of the burglary observed a minivan fitting the description given by the owner and driven by a man who fit the description of the person seen leaving the owner's home. Following a high-speed chase, which ended when the minivan entered a drainage ditch, defendant was apprehended. The showup identification occurred at a shopping center one hour after the burglary was reported. Although the distance between the shopping center and the scene of the crime is not set forth in the record, the record establishes that the shopping center is located on the street where defendant was first observed by the

officer, and which the court described as being "two streets over" from the scene of the crime.  We therefore conclude that the People established that the showup identification procedure was conducted in "geographic and temporal proximity to the crime" (*People v Ortiz*, 90 NY2d 533, 537; *see People v Harris*, 57 AD3d 1427, 1428, *lv denied* 12 NY3d 817).  Also contrary to defendant's contention, the identification procedure was not rendered unduly suggestive because he was in handcuffs and in the presence of a uniformed police officer (*see People v Johnson*, 122 AD3d 1338, 1339, *lv denied* 25 NY3d 1166).

We reject defendant's further contention that he did not voluntarily waive his *Miranda* rights and thus that the court erred in refusing to suppress his statement to the police on that ground. " 'The evidence at the suppression hearing establishes that, after receiving . . . *Miranda* warnings, defendant indicated that he understood his [*Miranda*] rights and agreed to speak with the [police]' " (*People v Lewis*, 93 AD3d 1264, 1265, *lv denied* 19 NY3d 963).  The video of the interrogation establishes that defendant stated that he understood his rights and, when asked whether he wished to speak to the police, he nodded in the affirmative and spoke to them.  "It is well settled . . . that an explicit verbal waiver is not required; an implicit waiver may suffice and may be inferred from the circumstances" (*People v Harris*, 129 AD3d 1522, 1523 [internal quotation marks omitted]).  Even assuming, arguendo, that defendant was under the influence of marihuana during the interview, "the evidence . . . establishes that defendant 'was not intoxicated to such a degree that he was incapable of voluntarily, knowingly, and intelligently waiving his *Miranda* rights' " (*People v John*, 288 AD2d 848, 848, *lv denied* 97 NY2d 705).  Further, "there is no evidence in the record to support the contention of defendant that the injuries he [allegedly] sustained in the motor vehicle accident prevented him from knowingly and voluntarily waiving his *Miranda* rights" (*id.*).

Entered:  June 10, 2016                    Frances E. Cafarell
                                           Clerk of the Court