People v Bentley (2021 NY Slip Op 00764)





People v Bentley


2021 NY Slip Op 00764


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


1212 KA 18-02184

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT BENTLEY, DEFENDANT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 25, 2018. The judgment convicted defendant upon a plea of guilty of offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of offering a false instrument for filing in the first degree (Penal Law § 175.35 [1]). As a preliminary matter, we note that, as the People correctly concede, defendant did not waive his right to appeal (see People v Dangerfield, 140 AD3d 1626, 1626 [4th Dept 2016], lv denied 28 NY3d 928 [2016]).
Defendant's contention that his guilty plea was not knowing, voluntary, and intelligent because he did not give an affirmative verbal acknowledgment of understanding when County Court explained to him his Boykin rights (see Boykin v Alabama, 395 US 238 [1969]) is not preserved for our review inasmuch as defendant did not move to withdraw his plea or to vacate the judgment of conviction on that ground (see People v Hampton, 142 AD3d 1305, 1306 [4th Dept 2016], lv denied 28 NY3d 1124 [2016], citing, inter alia, People v Conceicao, 26 NY3d 375, 382 [2015]; see also People v Brown, 151 AD3d 1951, 1951-1952 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]; see generally People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]).
We have reviewed defendant's remaining contentions and conclude
that none warrants modification or reversal of the judgment.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court