People v Cornish (2023 NY Slip Op 01624)

People v Cornish

2023 NY Slip Op 01624

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

243 KA 21-01282

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM J. CORNISH, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered July 13, 2021. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law
§ 130.50 [2]), defendant contends that his plea was not knowing, voluntary, and intelligent because County Court failed to advise him of all the rights he would be forfeiting upon pleading guilty (see Boykin v Alabama, 395 US 238, 243 [1969]) and failed to advise him that, upon his guilty plea, he would be required to pay a supplemental sex offender victim fee. Defendant's contentions are not preserved for our review because he did not move to withdraw his plea or move to vacate the judgment of conviction (see People v Bentley, 191 AD3d 1392, 1392 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Gerald, 103 AD3d 1249, 1249 [4th Dept 2013]). This case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]). We decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court